IN THE UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SMITH,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF CHICAGO, and Chicago Police Officers Ranita Mitchell and Herman Otero,<br><br>Defendants. | No. 18 CV 4918<br><br>Judge Virginia M. Kendall<br><br>Jury Trial Demanded |

**DEFENDANTS CITY OF CHICAGO, MITCHELL
AND OTERO'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

DEFENDANTS, CITY OF CHICAGO, RANITA MITCHELL, and HERMAN OTERO by their attorneys, Nikoleta Lamprinakos and Hailey M. Golds of Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd., hereby submit this Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(e) and 12(b)(6).

1. Federal Rule of Civil Procedure 10(b) requires the pleader to state his claims in separate numbered paragraphs, and to state each claim in a separate count if "doing so would promote clarity." Because Plaintiff's claims are vague and ambiguous such that Defendants cannot reasonably prepare a response to his compliant, the complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(e), which states that a "party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."

2. Plaintiff's claim based on fabrication of evidence is not actionable because the claim is one for malicious prosecution for which state law already offers an adequate

remedy. *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001) *abrogated by Manuel v. City of Joliet, Ill.*, 137 S. Ct. 911, 197 L. Ed. 2d 312 (2017) ("satisfying the elements of the state-law tort of malicious prosecution . . . knocks out any constitutional tort of malicious prosecution, because, when a state-law remedy exists . . . due process of law is afforded by the opportunity to pursue a claim in state court."); *see also Howlett v. Hack*, 794 F.3d 721, 727 (7th Cir. 2015) (citing *Newsome* for the proposition that "a claim [for malicious prosecution under § 1983] is not actionable if there is an adequate state-law remedy").

3. Even if this Court were to find that Plaintiff is able to bring a due process claim pursuant to § 1983 for fabricated evidence, Plaintiff's claim should still be dismissed as time-barred. Section 1983 does not contain an express statute of limitations, so federal courts adopt "the forum state's limitations period for personal injury claims." *Miles v. Vanderburgh Cty. Jail*, 335 Fed. Appx. 633, 635 (7th Cir. 2009). In Illinois, a two-year statute of limitations applies to claims brought under § 1983. *Gekas v. Vasiliades*, 814 F.3d 890, 894 (7th Cir. 2016).

4. Because Plaintiff's due process claim is based on events that occurred out of court and before the criminal proceedings, any constitutional claim based on those actions accrued at the time the injury occurred, on or about June 10, 2013, and is time barred. *See Wallace*, 549 U.S. at 391 ("the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages"). *Wallace v. Kato,* 549 U.S. 384, 391 (2007).

5. Plaintiff's claim for conspiracy fails because it is not predicated on an actionable underlying claim. *Smith v. Gomez,* 550 F.3d 613, 617 (7th Cir. 2008) (holding that conspiracy is not an independent basis of liability in § 1983 actions).

6. Plaintiff's conspiracy claim is also time-barred pursuant to the two year statute of limitations discussed above.

7. Plaintiff's allegations that Defendants acted pursuant to a "code of silence" are inadmissible because he does not present any evidence that any specific individuals agreed to follow the code of silence. *Cook v. City of Chicago*, No. 06 C 5930, 2014 WL 4493813, at *8 (N.D. Ill. Sept. 9, 2014) *citing Sledd v. Lindsay*, 780 F. Supp. 554, 559 (N.D. Ill. 1991) (where Plaintiff alleged "the individual defendants were allegedly encouraged to commit unconstitutional acts because they knew their fellow officers would not report them or testify against them," the court found that because "[t]here [were] no facts in the complaint … showing that any specific individuals agreed to follow the alleged code of silence," the allegations of Plaintiffs regarding the alleged code of silence were conclusory).

WHEREFORE, DEFENDANTS CITY OF CHICAGO, RANITA MITCHELL and HERMAN OTERO request that this Court dismiss Plaintiff's Complaint and grant any other relief that the Court deems appropriate.

           Respectfully submitted,

           CITY OF CHICAGO, RANITA
           MITCHELL, HERMAN OTERO


By:   s/ Nikoleta Lamprinakos
       Nikoleta Lamprinakos
       One of Their Attorneys


Nikoleta Lamprinakos (6274018) nlamprinakos@robbins-schwartz.com
Hailey M. Golds (6312907) hgolds@robbins-schwartz.com
Robbins, Schwartz, Nicholas, Lifton & Taylor, Ltd.
55 W. Monroe St., Suite 800
Chicago, IL 60603
312.332.7760

## CERTIFICATE OF SERVICE BY ELECTRONIC MAILING

I hereby certify that I electronically filed the foregoing **DEFENDANTS CITY OF CHICAGO, MITCHELL and OTERO's MOTION TO DISMISS PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system on Monday, October 15, 2018, which constitutes service all counsel of record, registered filing users, pursuant to Fed. R. Civ. P. 5(b)(2)(D) and L.R. 5.9.

By: s/ Nikoleta Lamprinakos
Nikoleta Lamprinakos