IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Keith Smith, | ) | |
| | ) | |
| *Plaintiff*, | ) | |
| | ) | |
| -vs- | ) | No. 18-cv-4918 |
| | ) | |
| City of Chicago and Chicago Police | ) | *(Judge Kendall)* |
| Officers Ranita Mitchell and | ) | |
| Herman Otero, | ) | |
| | ) | |
| *Defendants.* | ) | |

**MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS**

Defendants base their Rule 12(b)(6) motion to dismiss on many of the arguments the Court recently rejected in *Williams v. City of Chicago*, 315 F. Supp. 3d 1060 (N.D. Ill. 2018*)*. The Court should follow *Williams*, which defendants neither cite nor distinguish.

### I. Facts of Plaintiff's Arrest and Deprivation of Liberty

The facts, viewed in the light most favorable to plaintiff, *Squires-Cannon v. Forest Preserve District of Cook County*, 897 F.3d 797, 802 (7th Cir. 2018), are as follows:

Defendants Chicago Police Officers Ranita Mitchell and Herman Otero unlawfully stopped and searched a vehicle in which plaintiff was a passenger. (Complaint, ¶ 5.) To cover up the unlawful stop and search, these defendants concocted the false story that they had observed plaintiff, while a passenger in the vehicle, make a furtive movement. (Complaint,

¶ 6.) The defendant officers also falsely claimed to have found a bullet inside of the vehicle. (Complaint, ¶ 7.)

The officers arrested plaintiff (Complaint, ¶ 5), memorialized their made-up story about the "furtive movement" and the bullet in official police reports and criminal complaints, and communicated their made-up story to prosecutors. (Complaint, ¶ 9.) As a result of this wrongdoing, plaintiff was charged with an offense and held at the Cook County Jail for seven months before being released on bond in March 2014. (Complaint, ¶ 10.) Plaintiff remained subject to the conditions of bond until he was exonerated at trial on July 21, 2016. (Complaint, ¶ 11.) Plaintiff filed this lawsuit on July 18, 2018, less than two years after he was exonerated.

## II. Facts of the Deprivation of Liberty Resulting from the Code of Silence of the City of Chicago

Defendants Mitchell and Otero acted pursuant to a widespread practice within the Chicago Police Department of a "code of silence" when they concocted their false story and fabricated evidence against plaintiff. (Complaint, ¶ 15.) Plaintiff supports this allegation with a reference to the official report of the United States Department of Justice, "Investigation of the Chicago Police Department," January 13, 2017, and the finding in the report that "a code of silence exists, and officers and community members know it." Report at 75. (Complaint, ¶ 14.) As the report also noted,

defendant, through the Mayor and other high-level police officials, has acknowledged the existence of a code of silence in the Chicago Police Department. (Complaint, ¶ 13(b).)

Plaintiff therefore seeks to impose liability on the City of Chicago for the officer's conduct that was caused by the code of silence; plaintiff specifically alleges that a cause of his deprivation of liberty was the decision of the City to turn a blind eye to the "code of silence" among its police officers. (Complaint, ¶ 12.)

### III. Plaintiff's Complaint Satisfies the Federal Rules of Civil Procedure

Plaintiff's complaint follows the Seventh Circuit's admonition in *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073 (7th Cir. 1992) that, "while it is common to draft complaints with multiple counts, each of which specifies a single statute or legal rule, nothing in the Rules of Civil Procedure requires this. To the contrary, the rules discourage it." *Id.* at 1078. Plaintiff's complaint also follows the teachings of the Seventh Circuit that a complaint need not plead legal theories. *See, e.g., Title Industry Assurance Co. v. First American Title Insurance Co.*, 853 F.3d 876, 880 (7th Cir. 2017).

The Court should therefore reject defendants' demand that plaintiff plead his complaint in separate counts. (ECF No. 17 at 3-4.) The

appropriate procedure to discover plaintiff's legal theories is through contention interrogatories. *Joseph v. Elan Motorsports Techs. Racing Corp.*, 638 F.3d 555, 561 (7th Cir. 2011).

### IV. Plaintiff Has Fairly Alleged a Fabrication of Evidence Claim

Defendants assert that plaintiff has failed to "clearly plead a claim for fabrication of evidence." (ECF No. 17 at 3.) The Court should reject this argument.

This Court recognized in *Williams v. City of Chicago*, 315 F. Supp. 3d 1060 (N.D. Ill. 2018*)* that the Due Process Clause of the Fourteenth Amendment is "the relevant constitutional source" for a claim that police officers "fabricated evidence to deprive a defendant of liberty." *Id.* at 1072 (internal citations omitted). As the Court explained in *Williams*:

> A police officer (or prosecutor) who manufactures false evidence against a criminal defendant violates due process if that evidence later deprives the defendant of liberty in some way. *Avery v. City of Milwaukee*, 847 F.3d 433, 439 (7th Cir. 2017) (quoting *Whitlock*, 682 F.3d at 580). Indeed, convictions premised on deliberately falsified evidence "always violate the defendant's right to due process." *Id.* at 439; *see also Myvett v. Heerdt*, 232 F. Supp. 3d 1005, 1019 (N.D. Ill. 2017) ("[A] due process claim will lie when fabricated evidence is used to deprive a criminal defendant of liberty, even when the prosecution of that defendant is ultimately unsuccessful.").

-4-

*Williams v. City of Chicago*, 315 F. Supp. 3d at 1074. The Court, as in *Williams*, should reject defendants' arguments against this cause of action (ECF No. 17 at 4-6),

Plaintiff fairly alleges that the defendant officers "deliberately falsified evidence in bad faith," *Williams*, 315 F. Supp. 3d at 1074, when they made up the story about "furtive movements" and claimed to have found a bullet. (Complaint, ¶¶ 6, 7.) Plaintiff also alleges a deprivation of liberty: he was held at the Cook County Jail for seven months (Complaint, ¶ 10), and then remained subject to the conditions of bond until he was exonerated at trial. (Complaint, ¶ 11.)

Defendants assert that plaintiff's Fourteenth Amendment fabrication of evidence claim is time barred. (ECF No. 17 at 6-7.) The Seventh Circuit has not ruled on when a Fourteenth Amendment fabrication of evidence claim accrues. Courts in this district disagree on this issue. Compare *Taylor v. City of Chicago*, No. 17-cv-03642, 2018 WL 4075402, at *5-6 (N.D. Ill. Aug. 27, 2018) *with Lewis v. City of Chicago*, No. 16-CV-7592, 2017 WL 698682, at *3 (N.D. Ill. Feb. 22, 2017), appeal pending 7th Cir., No. 17-1510, appeal argued February 6, 2018. The Seventh Circuit may soon resolve this question in *Lewis*, and decide whether to follow the rule of the Third, Fifth, Sixth, Ninth, and Tenth

Circuits[1] that a fabrication of evidence claim accrues on the favorable termination of criminal proceedings, or to endorse the contrary view of the Second Circuit, *McDonough v. Smith*, 898 F.3d 259 (2d Cir. 2018), *pet. for cert. filed* October 12, 2018, No. 18-485.

This Court should follow the majority rule that the claim does not accrue until the wrong ceases, which is consistent with the Seventh Circuit's recent opinion in the Fourth Amendment context in *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018). (Defendants do not raise any argument about the timeliness of plaintiff's Fourth Amendment claim, which plaintiff discusses below.) Under this rule, plaintiff's Fourteenth Amendment claim is timely because it was filed within two years of the termination of his criminal proceedings.

### V. Plaintiff Has Alleged a Fourth Amendment Claim

Defendants do not make any argument about plaintiff's claim that he was detained awaiting trial based on fabricated evidence in violation of the Fourth Amendment. *See Manuel v. City of Joliet*, 137 S. Ct. 911 (2017). Any such argument is therefore waived. In any event, as in *Williams v.*

---

[1] *Floyd v. Attorney General*, 722 F. App'x 112, 114 (3d Cir. 2018) (per curiam); *Castellano v. Fragozo*, 352 F.3d 939, 959-960 (5th Cir. 2003) (en banc); *Mills v. Barnard*, 869 F.3d 473, 484 (6th Cir. 2017); *Bradford v. Scherschligt*, 803 F.3d 382, 387-389 (9th Cir. 2015); *Mondragon v. Thompson*, 519 F.3d 1078, 1083 (10th Cir. 2008).

*City of Chicago*, 315 F. Supp. 3d 1060 (N.D. Ill. 2018*)*, plaintiff's allegations are sufficient to fairly allege such a claim. *Id.* at 1070-71.

The Seventh Circuit, in its decision on remand from *Manuel v. City of Joliet*, 137 S. Ct. 911 (2017), held that a Fourth Amendment wrongful detention claim accrues at the end of the allegedly unreasonable seizure. *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018). Plaintiff's claim is timely under this rule because he remained seized before his trial because of his bond. *See, e.g., Black v. Montgomery County*, 835 F.3d 358, 366-67 (3d Cir. 2016) (release on bail limits liberty and constitutes a seizure); *Miller v. Maddox*, 866 F.3d 386, 393 (6th Cir. 2017); *Murphy v. Lynn*, 118 F.3d 938, 946 (2d Cir. 1997); *Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999). The unreasonable seizure ended when he was acquitted at trial on July 21, 2006 (Complaint, ¶ 11), less than two years before he filed his case.

### VI.   **Plaintiff Has Alleged a Conspiracy Claim**

The complaint in this case meets the standards for pleading a conspiracy claim that the Court set out in *Williams:*

> For a § 1983 conspiracy claim, Williams must allege that "(1) the individuals reached an agreement to deprive him of his constitutional rights, and (2) overt acts in furtherance actually deprived him of those rights." *Beaman v. Freesmeyer*, 776 F.3d 500, 510 (7th Cir. 2015). Along with these elements, Williams must allege the parties, the general purpose, and the approximate date of the conspiracy. *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006).

*Williams*, 315 F. Supp. 3d at 1075. There, the plaintiff had failed to allege "any *agreement* to deprive Williams of his constitutional rights." *Id.* (emphasis in original). Plaintiff in this case alleges that defendants Mitchell and Otero "agreed to frame plaintiff for criminal offenses to cover up their wrongful conduct." (Complaint, ¶ 6.) Plaintiff also alleges overt acts in furtherance of the conspiracy: concocting the false story that defendants had seen plaintiff make a furtive movement (*id.* ¶ 7), claiming to have found a bullet inside of the vehicle (*id.* ¶8), and memorializing the false story in official police reports and criminal complaints and communicating the false story to the prosecutor. (*Id.* ¶ 9.) These allegations meet the standards the Court set out in *Williams*. The Court should therefore reject defendants' challenge to the conspiracy claim. (ECF No. 17 at 9-11.)

### VII. Code of Silence

Defendants do not make any argument for dismissal of plaintiff's claim that the Chicago Police Department's official policy of a "code of silence" was a proximate cause of the individual defendants' wrongdoing. for liability. Any such argument is therefore waived.

This Court upheld the "code of silence" theory of liability in *Cazares v. Frugoli,* 2017 WL 1196978, at *1 (N.D. Ill. March 31, 2017), order denying motion to reconsider, 2017 WL 4547982, at *4 (N.D. Ill. Oct. 11, 2017). The plaintiffs in *Cazares* "allege that the City's policies, including

-8-

the code of silence, *affirmatively* caused the constitutional deprivation, meaning that the case involves state harm.". 2017 WL 4547982, at *4. Plaintiff advances the same claim in this case. Any challenge by defendants to the sufficiency of this claim must therefore be rejected.

### VIII. Conclusion

The Court should therefore deny the motion to dismiss.

Respectfully submitted,

/s/ Kenneth N. Flaxman
KENNETH N. FLAXMAN
ARDC No. 830399
Joel A. Flaxman
200 S Michigan Ave Ste 201
Chicago, IL 60604-2430
(312) 427-3200
*Attorneys for Plaintiff*