IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEITH SMITH, | ) |
| *Plaintiff,* | ) ) ) |
| v. | ) No. 18 C 4918 ) |
| CITY OF CHICAGO, OFFICER RANITA MITCHELL, and OFFICER HERMAN OTERO, | ) Judge Virginia M. Kendall ) ) ) ) |
| *Defendants.* | ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Keith Smith moves pursuant to Federal Rule of Civil Procedure 59 seeking the Court to reconsider its Order granting Defendants' Motion to Dismiss under Rule 12(b)(6). Plaintiff argues the Seventh Circuit's ruling in *Mitchell v. City of Elgin*, 912 F.3d 1012 (7th Cir. 2019) represents an "intervening and substantial change in the controlling law" compelling the Court to reconsider its Order dismissing his Complaint with prejudice. (Dkt. 39, at ¶ 2). For the reasons stated within, Plaintiff's Motion to Reconsider is granted.

## BACKGROUND

Plaintiff's Complaint alleged that his detention by the City of Chicago violated 42 U.S.C. § 1983, depriving him of his Fourth and Fourteenth Amendment rights. (Dkt. 1, at ¶ 16). Specifically, Plaintiff alleged that Defendants Mitchell and Otero, Chicago Police Officers, used falsified evidence to justify his detention following a

traffic stop in September of 2013 where Smith was a passenger in the stopped vehicle. (Dkt. 1, at ¶¶ 5, 6). Following the arrest, Plaintiff was held in custody in the Cook County Jail until March of 2014 when he was ultimately released on bond. (Dkt. 1, at ¶ 10). Plaintiff was later "exonerated" at trial in July of 2016. (Dkt. 1, at ¶ 11). He filed the instant Complaint in July of 2018. (Dkt. 1).

The Court granted Defendants' Motion to Dismiss the Complaint, finding it untimely under the two-year statute of limitations. (Dkt. 37, at 13–14). The Court held the alleged Constitutional deprivation ended at Plaintiff's release from custodial detention in March of 2014 rather than at trial in July of 2018. (Dkt. 37, at 12). Plaintiff filed the instant Motion for Reconsideration, arguing the Seventh Circuit's decision in *Mitchell* supports the claim that Smith remained "seized" under the conditions of his bond until trial and, therefore, the Complaint was filed within the requisite two-year statute of limitations. (Dkt. 39, at ¶¶ 8–10).

## **LEGAL STANDARD**

A motion to reconsider is appropriate when there is a "controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). In light of the intervening authority, the original decision must represent a "manifest error of law" or a "wholesale disregard, misapplication, or failure to recognize controlling precedent.*" Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). "Such problems rarely arise and the motion to reconsider should be equally rare." *Waunakee*, 906 F.2d at 1190 (internal quotation omitted).

## DISCUSSION

### A.     § 1983 Wrongful Detention

Plaintiff argues that the Seventh Circuit's decision in *Mitchell* represents intervening case law regarding the accrual of a Fourth Amendment violation for wrongful detention during pre-trial release. (Dkt. 39, at 2) (*citing* 912 F.3d at 1017). The *Mitchell* court reversed the dismissal of a similar § 1983 complaint because it lacked "sufficient information about [the plaintiff's] conditions of release to determine if she remained 'seized' while on pretrial release." *Id*. The court recognized that there is no guiding factual threshold for a pre-trial release deprivation of liberty stating, "[w]hether pretrial-release conditions satisfy [the Fourth Amendment seizure] standard . . . will have to be resolved in this circuit." *Id*. In response, Defendants argue that *Mitchell* did not overrule cases relied upon in the Court's original Order and, as mere dicta, it does not compel reconsideration. (*See generally*, Dkt. 42).

In its Order on Defendants' Motion to Dismiss, the Court recognized that "a claim for unlawful pretrial detention based on fabricated evidence appropriately may be brought pursuant to the Fourth Amendment." (Dkt. 37, at 6) (*citing Manuel v. City of Joliet, Ill.*, 903 F.3d 667, 670 (7th Cir. 2018)). However, the Court held the Complaint failed as a matter of timeliness because, at the statutory time limit, the seizure was that of bond release and not of custodial detention. (Dkt. 37, at 9). The Court followed the precedent of *Cairel v. Alderden (*821 F.3d 823, 831 (7th Cir. 2016)), where due process claims failed for lack of constitutional deprivation because the plaintiffs were released on bond and then never brought to trial. (Dkt. 37, at 8). The

court in *Cairel* also stated that even if the bond release had culminated in a trial, there would have been no actionable deprivation of liberty. 821 F.3d at 832.

*Mitchell* represents potential intervening authority on whether conditions of pre-trial bond release can constitute a "continuing seizure" for Fourth Amendment purposes. 912 F.3d at 1017. The *Mitchell* court recognized a circuit court split on the issue with a minority of circuits holding that a mere obligation to appear at court represents a seizure (*see, e.g., Black v. Montgomery County*, 835 F.3d 358, 366–67 (3d Cir. 2016)) and the majority of circuits requiring more restrictive conditions before finding a seizure exists. *See, e.g., Evans v. Ball*, 168 F.3d 856, 861 (5th Cir. 1999) (travel restrictions and intrusive monitoring during bond release amounted to a deprivation of liberty). The *Mitchell* court was not presented with facts describing the conditions of the plaintiff's pre-trial bond release and declined to take a position on either side of the circuit split. 912 F.3d at 1017. Rather, the court stated that the issue of continuing seizure remained an open question in both this circuit and the case before it and remanded the case for further fact finding. *Id*.

Similar to *Mitchell*, the Court in the instant case was not presented with the conditions of pre-trial release that allegedly constituted Smith's seizure. The question, then, is whether the *Mitchell* decision, by remanding a case amidst precedential and factual ambiguity, represents "intervening law" to the standard necessary for Rule 59 reconsideration. Defendants argue the *Mitchell* decision does not represent intervening law because it is mere dicta and does not explicitly overrule any case law that the Court relied upon. (Dkt. 42, at 11). Defendants cite as support this Court's

decision in *Caine v. Burge*. (Dkt. 42, at 4) (*citing* 897 F. Supp. 2d 714, 719 (N.D. Ill. 2012)). In *Caine*, this Court did not accept as intervening law, a Seventh Circuit decision which offered persuasive reasoning for reconsideration yet fell short of overruling a decision dispositive to its original motion. 897 F. Supp. 2d at 719. Conversely, in *Kathrein v. City of Evanston*, the court found that intervening law justified a departure from the law of the case doctrine where an *en banc* panel decision "alter[ed] the law" but did not expressly overrule case law dispositive to the lower court's decision. 752 F.3d 680, 686 (7th Cir. 2014).

The Court is not aware of any binding precedent supporting the notion that intervening law, for the purpose of reconsideration, is limited to decisions explicitly overruling relevant cases. This Court's decision in *Caine* did not suggest such a rule. In *Caine*, there existed binding case law which *needed* to be overruled in order to grant the motion to reconsider. 897 F. Supp. 2d at 717. Though persuasive, the intervening decision presented in *Caine* failed to overrule law governing the Court's original decision and, therefore, failed to compel reconsideration. *Id.* at 718.

In the instant case, it is unnecessary that *Mitchell* overrule *Cairel* because *Mitchell* addresses a precedential ambiguity that is not addressed by *Cairel* or the Seventh Circuit. *Cairel* and similar cases simply held that conditions of pre-trial release in their respective cases did not amount to a continuing seizure. *Cairel*, 821 F.3d at 832. They did not purport to create a rule that conditions of pre-trial release may never represent a seizure. *Mitchell* highlighted the "possibility that pretrial re-

lease might be construed as a 'seizure' for Fourth Amendment purposes if the conditions of that release impose significant restrictions on liberty." 912 F.3d at 1016. Therefore, *Mitchell* did not overrule *Cairel*; rather it introduced a novel theory of Fourth Amendment deprivation potentially applicable to the present case.

If the Court had been aware of the *Mitchell* court's interpretation of pre-trial seizure at the time of its Order, it would have recognized that the Complaint presented a potentially viable legal theory. However, because the Complaint fails to allege any facts describing what conditions of pre-trial release amounted to a seizure, the Complaint would have nonetheless failed for insufficient pleading. *See Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007) (a pleading must allege sufficient facts to state a claim plausible on its face). Therefore, the *Mitchell* decision compels the Court to reconsider its decision, though only to extent of removing prejudice from the dismissal. Plaintiff will be permitted the opportunity to amend his pleading to allege facts relating to his pre-trial seizure.

Because the dismissal of the conspiracy claim was similarly dependent on the timeliness of the underlying § 1983 claim, Plaintiff will have the opportunity to re-plead this Count.

**B.** *Monell* **Claim**

Plaintiff's *Monell* claim was dismissed with prejudice because of the underlying timeliness issue, but the claim also failed for insufficient factual pleading. (Dkt. 37, at 15). The Court held the Complaint failed to plausibly allege both the existence of pervasive misconduct by the City and causation of the injury by the City's customs

or policies. (Dkt. 37, at 14–15). The reconsideration of the timeliness issue removes the necessity to dismiss the claim with prejudice while the pleading deficiency persists. Therefore, Plaintiff is granted leave to amend the *Monell* claim.

## **CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Reconsider is granted. Plaintiff will have 28 days to amend his Complaint to address the persisting deficiencies noted above and in the Court's prior Order.

_____
Virginia M. Kendall
United States District Judge

Date: April 30, 2019