IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Keith Smith, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| *-vs-* | ) | No. 18-cv-4918 |
| | ) | |
| City of Chicago and Chicago | ) | *(Judge Kendall)* |
| Police Officers Ranita Mitchell | ) | |
| and Herman Otero, | ) | |
| | ) | |
| *Defendants.* | ) | |

## MEMORANDUM IN OPPOSITION TO
## SECOND MOTION TO DISMISS

After defendants filed their second motion to dismiss (ECF No. 46), the Supreme Court provided an answer to the claim-accrual question at issue in the motion, squarely holding that the statute of limitations on plaintiff's "§ 1983 claim alleging that he was prosecuted using fabricated evidence began to run when the criminal proceedings against him terminated in his favor." *McDonough v. Smith*, No. 18-485, slip op. at 14, 2019 WL 2527474, at *8 (U.S. June 20, 2019).

As in *McDonough*, favorable termination in this case came when plaintiff was acquitted at trial. Plaintiff filed his complaint on July 18, 2018 within the two-year statute of limitations that began to run when he was acquitted on July 21, 2016.

Defendants may argue that this Court should not apply *McDonough* until the Seventh Circuit formally abrogates its rule that plaintiff's claim accrued at the end of his unreasonable seizure. *Manuel v. City of Joliet*, 903 F.3d 667 (7th Cir. 2018). The Court of Appeals may soon conduct this re-evaluation if the Supreme Court remands *Manuel*, now pending on a petition for a writ of certiorari as No. 18-1093, for reconsideration in light of *McDonough*. But even if plaintiff's claim accrued at the end of his unreasonable seizure, this action is still timely because he continued to be "seized" while on bond.[1]

The Seventh Circuit held in *Mitchell v. City of Elgin*, 912 F.3d 1012 (7th Cir. 2019) that whether a criminal defendant released on bond continues to be "seized" is an open question. *Id.* at 1017. The Supreme Court provided an answer to this question in *McDonough*, holding that it was undisputed that there was a deprivation of liberty when the criminal defendant was "subject to restrictions on his ability to travel and other 'restraints not shared by the public generally,'" *McDonough*, slip op. at 6 n.4 (quoting *Justices of Bos. Mun. Court v. Lydon*, 466 U.S. 294, 301 (1984).)

---

[1] This question is also before the Seventh Circuit in at least one pending appeal, *Fonder v. Martinez*, No. 19-2003 (7th Cir.)

*McDonough* reached this conclusion by relying on *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984), where the Court held that a defendant released on personal recognizance awaiting trial is "in custody" for the purpose of federal habeas corpus jurisdiction. *Id.* at 301. This reasoning applies equally to plaintiff: for purposes of federal habeas corpus jurisdiction, plaintiff was "in custody" while on bond until the favorable termination of his criminal case.

In *Manuel*, the Seventh Circuit held that the availability of a habeas remedy meant that "a § 1983 suit had to wait until [plaintiff's] release." *Manuel v. City of Joliet*, 903 F.3d 667, 670 (7th Cir. 2018). The same is true here. Plaintiff's § 1983 suit had to wait until the termination of his pretrial release bond. Thus, even under the Seventh Circuit's pre-*McDonough* precedent, plaintiff's claim is timely.

Defendants argue for a contrary rule based on *Bielanski v. County of Kane*, 550 F.3d 632 (7th Cir. 2008). (ECF No. 47 at 6.) *Bielanski* is distinguishable, both on its facts and because the law of the Seventh Circuit in 2008 was that "the Fourth Amendment 'drops out of the picture following a person's initial appearance in court.'" *Bielanski*, 550 F.3d at 642 (quoting *Hernandez v. Sheahan*, 455 F.3d 772, 777 (7th Cir. 2006).) This rule continued to be the law of the Circuit, *see Llovet v. City of Chicago*, 761 F.3d 759 (7th Cir. 2014), until the Supreme Court held in *Manuel v. City of Joliet*,

137 S.Ct. 911 (2017) that "the formal onset of a criminal proceeding … cannot extinguish the detainee's Fourth Amendment claim." *Id.* at 919. This reliance on the Seventh Circuit's now-abrogated view of the Fourth Amendment taints *Bielanski* and renders invalid its pronouncements on the scope of the Fourth Amendment.

Moreover, unlike the plaintiff in this case, who was arrested and held at the Cook County Jail for seven months (Second Amended Complaint, ECF No. 45 ¶ 10), the plaintiff in *Bielanski* maintained that she had been "seized" by "the initiation of the prosecution, effected by a summons issued by the prosecutor, without probable cause. She did not name any other pre-trial restrictions in response to the motion to dismiss." *Bielanski*, 550 F.3d at 637. The plaintiff expanded her arguments on appeal, asserting that she had been "seized" by "an order not to leave Illinois without the permission of the Court." *Id.* Nonetheless, the plaintiff in *Bielanski* conceded that she had "not [been] arrested in the traditional sense of the word but instead was compelled by a summons to appear in court." *Id.* In this case, however, there can be no dispute that plaintiff's seven months of detention at the Cook County Jail was a seizure.

The second case cited by defendants, *Allen v. Utreras*, No. 17 C 2144, 2018 WL 8261309, at *1 (N.D. Ill. Nov. 9, 2018) (ECF No. 47 at 7), cannot be reconciled with *McDonough*. Nor can *Allen* be reconciled with the Seventh

Circuit's subsequent decision in *Mitchell v. City of Elgin*, 912 F.3d 1012 (7th Cir. 2019).

*Allen* rests on the view that "the Seventh Circuit's decision in *Manuel* was based in part on the fact that a person released from pretrial detention is no longer forbidden from bringing a civil suit." *Allen*, 2018 WL 8261309, at *1. This ruling overlooked the holding of *Justices of Boston Municipal Court* that a criminal defendant on pretrial detention has a habeas remedy and, therefore, may not bring a civil suit. *See Heck v. Humphrey*, 512 U.S. 477, 484-485 (1994). The Supreme Court firmly rejected the reasoning of *Allen* in *McDonough*, explaining that "McDonough was not free to sue prior to his acquittal." *McDonough*, Slip op. at 9 n.7.

For all these reasons, the Court should hold that plaintiff's Fourth Amendment claim is timely.

Defendants also seek dismissal of plaintiff's conspiracy claim and *Monell* claim as time-barred. (ECF No. 47 at 7-9.) Defendants concede that their timeliness arguments for each claim must rise or fall with their timeliness argument on plaintiff's Fourth Amendment claim. (*Id.* at 8, 10.) Plaintiff showed above why his Fourth Amendment claim is timely.

Defendants raise no other ground for dismissal of plaintiff's claim that the Chicago Police Department's official policy of a "code of silence" was a

proximate cause of the individual defendants' wrongdoing. Any such argument is therefore waived.

Finally, defendants make a confusing evidentiary argument about plaintiff's conspiracy claim, asserting that "because Plaintiff does not claim that any specific individuals explicitly agreed to follow the code of silence, it cannot be used for proof of an implicit agreement to engage in activity in furtherance of a conspiracy." (ECF No. 47 at 9.) This argument has no place in a motion to dismiss because plaintiff is not required to "present evidence" in his complaint. *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 830 (7th Cir. 2014) (pleading stage is "before any evidence is required").

The allegations of plaintiff's complaint, which the Court accepts as true when considering a motion to dismiss, are that defendants Mitchell and Otero "agreed to frame plaintiff for criminal offenses to cover up their wrongful conduct." (Second Amended Complaint, ECF No. 45 ¶ 6.) Plaintiff also alleges overt acts in furtherance of the conspiracy: concocting the false story that defendants had seen plaintiff make a furtive movement (*id.* ¶ 7), falsely claiming to have found a bullet inside the vehicle (*id.* ¶ 8), memorializing the false story in official police reports and criminal complaints (*id.* ¶ 9), and communicating the false story to the prosecutor. (*Id.* ¶ 9.) These allegations meet the standard for a conspiracy claim that

this Court set out in *Williams v. City of Chicago*, 315 F. Supp. 3d 1060, 1075 (N.D. Ill. 2018*)*.

In support of their misguided argument, defendants seek to rely (ECF No. 47 at 9) on the district court ruling in *Sledd v. Lindsay*, 780 F. Supp. 554 (N.D. Ill. 1991). This reliance is sorely misplaced because the Court of Appeals reversed, *Sledd v. Lindsay*, 102 F.3d 282 (7th Cir. 1996), specifically disapproving the district court's application of the heightened pleading standard defendants ask this Court to apply:

> Plaintiffs in a § 1983 case against a municipality are required to comply only with the conventional standards of notice pleading; they are not required to meet any heightened pleading standard. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 165 (1993).

*Id.* at 288-89. The Court of Appeals could not have been clearer in rejecting the standard defendants urge here, stating "it was error to dismiss this part of the case solely on the pleadings." *Id.* at 289.

This Court should not countenance defendants' attempt to rely on a district court order that was reversed on appeal. Defense counsel has raised this identical argument in at least one other case in this district; the district court in that case rejected the argument, explaining that plaintiff "need not provide 'evidentiary support' at this stage of his lawsuit." *Hallom v. City of Chicago*, No. 1:18 C 4856, 2019 WL 1762912, at *4 (N.D. Ill. Apr. 22, 2019). The Court should follow *Hallom* and reject defendants' argument.

-7-

The Court should therefore deny the motion to dismiss.

Respectfully submitted,

/s/  Joel A. Flaxman
     Joel A. Flaxman
     ARDC No. 6292818
     Kenneth N. Flaxman
     200 S Michigan Ave Ste 201
     Chicago, IL 60604-2430
     (312) 427-3200
     *Attorneys for Plaintiff*